O'NEIL *vs.* THE NEW YORK STATE AGRICULTURAL SOCIETY.

A state agricultural society, previous to one of its annual fairs, issued and circulated a handbill containing, among other things, these words, " Articles for exhibition should be carefully labeled with the owner's name and residence, and may be directed to Mr. J. P. F., Rochester, who will take charge of them, and deliver them at the show grounds, if they are sent in time and notice given him." J. P. F. was the local secretary of the society, in Rochester, and as such, aided in the preparations for the fair. *Held*, that the true construction of the handbill was, that J. P. F. had been appointed by the society to take charge of, and deliver, such articles as were labeled and directed as specified, if sent in time, by any of the usual public modes of transportation, and notice was given to him; and that no charge would be made to owners or exhibitors for that service.

*Held also*, that the society was liable to a person employed by J. P. F. to transport articles from the rail road depot to the place of exhibition.

It is not necessary for a party to except to the report of a referee, as to his conclusion of law or otherwise, in order to entitle him to a review, at a general term, of the questions of fact or of law, upon a case.

THIS was an appeal by the plaintiff from a judgment entered upon the report of a referee. The action was brought to recover of the defendants, the value of the work, labor and services of the plaintiff, consisting in the drawing and transportation by him of agricultural implements, &c. from the rail road depot, in the city of Rochester, to the fair grounds of the defendants, at its annual exhibition and state fair, held in said city

in September, 1851. The value of the services rendered by the plaintiff was agreed by the parties to be $110.75.

The following facts were found by the referee : That in the summer of the year 1851, the defendant appointed one James P. Fogg, of the city of Rochester, its local secretary in the said city, to perform certain duties pertaining to such office, preparatory to and in connection with a state fair, shortly before that time appointed by the defendant to be held at the said city of Rochester, in the month of September then next ensuing. That such fair was held by the defendant at Rochester, in the said month of September, and from the time of his said appointment, to and during said fair, the said Fogg acted as the local secretary of the defendant in Rochester, and as such, aided and assisted in the preparations for said fair, and superintended the construction of some of the buildings and erections for the reception and display of articles sent to said fair for exhibition. That several days before said fair was held, the defendant published and posted in many public places in Rochester, a card or handbill, containing a notice to the public, of the time and place that said fair would be held ; and containing also, among other things, these words : " Articles for exhibition should be carefully labeled with the owner's name and residence, and may be directed to Mr. J. P. Fogg, Rochester, who will take charge of them, and deliver them at the show grounds, if they are sent in time and notice given him." That after the publication of said handbill, and before the commencement of the fair, the said Fogg entered into an arrangement with the plaintiff, by which the plaintiff agreed to convey all property that should arrive in the city of Rochester by rail road, for exhibition at the fair, directed to the care of said Fogg, to the grounds in the city of Rochester, where the fair was appointed to be held. And the said Fogg agreed to settle with the plaintiff for the cartage or conveyance of said property as aforesaid, at the close of the fair, by giving to the plaintiff his (the said Fogg's) check for the amount of said cartage. That in pursuance of such arrangement, the plaintiff carted and conveyed property that arrived in Rochester by rail road, for exhibition at said fair, directed to

the care of said Fogg, from the depot of the Rochester and Syracuse Rail Road Company, to the said fair grounds, to the amount of one hundred and ten dollars. On these facts the referee held, as matter of law, that the plaintiff was not entitled to recover against the defendant in this action, and had no cause of action against him.

· *S. Mathews,* for the plaintiff.

*J. H. Martindale,* for the defendant.

*By the Court,* T. R. Strong, J.   The fair construction of the clause in the showbill published by the defendants for their annual fair, then about to be held, in respect to labeling and directing articles for the exhibition, and the taking charge and delivery of them at the show grounds, is, that Mr. Fogg had been appointed by the defendants to, and would take charge of, and so deliver such articles thus labeled and directed; if sent in time by any of the usual public modes of transportation, and notice was given to him; and that no charge would be made to owners or exhibitors for that service. The defendants had an interest in obtaining articles for the exhibition; the attractions of the fair, and the amount of receipts for admission to the grounds, would depend upon the articles exhibited; and this clause was manifestly designed as an inducement to persons having articles suitable for the exhibition, to forward them for that purpose. In consideration of the sending such articles, and complying with the conditions prescribed, the defendants engaged to take charge of the articles, and deliver them at the place of exhibition, thus relieving exhibitors from the trouble and expense of attending to it personally, or employing some person to do it.

The evidence in the case, of the appointment of Mr. Fogg as local secretary of the defendants, and of the duties assigned to and the services performed by him, clearly proves that he was the agent of the defendants, among other things, to receive and deliver at the show grounds articles designed for exhibition,

O'Neil *v.* New York State Agricultural Society.

and that he acted as such, and is in perfect harmony with the construction above given to the clause referred to.

It is apparent that, in employing the plaintiff to transport articles from the rail road depot to the place of exhibition, Mr. Fogg acted as agent of the defendants. This is evident from the fact that he was their agent, and had ample powers to make the contract for them, in connection with the contract itself, which related to the property that had arrived, and all that might arrive at the freight house for the exhibition, and the fact that there is nothing to show he had any personal interest in the matter, or that he intended to incur any personal responsibility. His promise that he would give a check at the close of the fair for the amount of the cartage, does not indicate such an intention. The promise would have been satisfied by his check as agent.

It was not necessary for the plaintiff to except to the report of the referee, as to his conclusions of law or otherwise, in order to entitle the plaintiff to a review, at a general term of this court, of the questions of fact or of law, upon a case. (*Code,* §§ 272, 268, 348.)

My opinion is, that the referee erred in deciding that the defendants were not liable ; and that the judgment upon his report should be reversed, and a new trial granted, with costs to abide the event.